# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**RICHARD GREEN**  **PETITIONER**
**ADC #73072**

**V.**                **CASE NO. 5:17-CV-294-BRW-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Any party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**  **Jurisdiction:**

Petitioner Richard Green, an inmate in the Arkansas Department of Correction ("ADC"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on November 13, 2017. (Docket entry #1) Mr. Green pleaded guilty to first-degree murder

on April 4, 1979. Because of his plea, he was not entitled to a direct appeal, and his petitions for state post-conviction relief were denied.

Mr. Green filed his first federal petition for a writ of habeas corpus under § 2254 on March 28, 1994. *Green v. Norris*, No. 6:94-CV-6052 (W.D. Ark.) (#1). The district court denied relief and dismissed the petition on June 5, 1995. *Id.* (#18). Mr. Green filed his second federal petition on November 18, 1997. *Green v. Norris*, No. 6:97-CV-6177 (W.D. Ark.). The district court denied relief and dismissed the petition on March 4, 1998. *Id.* (#11). The Eighth Circuit Court of Appeals denied Mr. Green permission to file a successive habeas petition on March 12, 2003. *Green v. State of Arkansas*, No. 03-1211 (8th Cir. 2003).

The Court lacks jurisdiction to hear Mr. Green's petition. As noted, Mr. Green has already challenged his conviction through an earlier federal habeas petition. Before he is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even if the petitioner claims actual innocence in the second petition. 28 U.S.C. § 2244(b)(2)(B)(I)-(ii). Without an order from the court of appeals authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is clearly successive.

## III. Conclusion:

The Court recommends that Judge Wilson DENY and DISMISS Richard Green's petition for writ of habeas corpus (#1), without prejudice. Furthermore, Judge Wilson should deny a certificate of appealability.

DATED this 14th day of November, 2017.

                                                                         UNITED STATES MAGISTRATE JUDGE